The STATE of Ohio, Appellant,

v.

JENKINS, Appellee.

[Cite as *State v. Jenkins*, 174 Ohio App.3d 374, 2007-Ohio-7180.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 06CA12.

Decided Dec. 31, 2007.

Pat Story, Meigs County Prosecuting Attorney, for appellant.

William N. Eachus, for appellee.

Per Curiam.

{¶ 1} The state of Ohio ("appellant") appeals from a Meigs County Court of Common Pleas order dismissing an indictment alleging that Stephen Jenkins ("appellee") knowingly obtained, possessed, or used a controlled substance, crack cocaine, along with the specification that the amount of crack cocaine involved was one gram or less, and two specifications regarding forfeiture of property derived directly or indirectly from the commission of the felony drug offense. The appellant contends that the trial court erred when it dismissed the indictment for an alleged violation of discovery under Crim.R. 16. Because we find that the trial court abused its discretion when it dismissed the indictment without prejudice, we reverse its judgment, reinstate the indictment, and remand the cause for proceedings consistent with this opinion.

## I. Facts

{¶ 2} On August 10, 2006, a Meigs County Grand Jury filed a one-count indictment against appellee. That indictment alleged that appellee had knowingly obtained, possessed, or used a controlled substance, to wit, crack cocaine; a specification that the amount of crack cocaine involved was one gram or less; and two specifications regarding the forfeiture of property either derived directly or indirectly from the commission of the felony drug offense. The appellee was arraigned on August 31, 2006, and at that time, without representation, entered a plea of not guilty to the indictment after he was advised of the charge and the potential penalty. The appellee indicated to the trial court during the arraignment that he had sufficient funds to hire an attorney and that he intended to do so.

{¶ 3} On September 11, 2006, the appellant filed a notice pursuant to R.C. 2925.51 of a laboratory report from James R. Smith, forensic specialist for the Ohio Bureau of Criminal Identification and Investigation ("BCI"). The appellant also filed a copy of a notarized statement identifying Smith and stating that he is an employee of the BCI laboratory that issued that report. The notarized statement indicated that performing substance analysis was part of Smith's regular duties and additionally outlined Smith's education, training, and experience. The statement also indicated that the scientifically accepted tests Smith employed were performed with due caution, and the evidence was handled in accordance with established and accepted procedures while in BCI's custody.

{¶ 4} The notice filed September 11, 2006, indicated that the substance tested by BCI was weighed and analyzed and amounted to 0.79 grams of cocaine. The notice also advised appellee that he could demand Smith's testimony by serving a demand upon the prosecuting attorney within seven days from his or his attorney's receipt of the report. The notice was served upon appellee by ordinary mail on September 11, 2006.

{¶ 5} On October 27, 2006, appellee filed a number of motions, including a demand for discovery requesting the items set forth in Crim.R. 16(B)(1), as well as additional documents. The appellee also filed motions to suppress, a request for a bill of particulars, requests for additional discovery, and a demand for the appearance of Smith.

{¶ 6} On October 31, 2006, appellant filed an answer to discovery and a bill of particulars. The appellant's answer to discovery listed the witnesses it intended to call, including Smith. It also included an additional copy of the laboratory report and the affidavit provided to the appellee previously by means of the September 11, 2006 notice.

{¶ 7} After a series of continuances granted at the appellee's request, a pretrial conference was held on December 4, 2006. At the pretrial conference, the trial court dismissed the indictment in this matter. In its attending order, the trial court made no specific evidentiary findings, but concluded that the appellee was entitled to some unspecified, additional discovery. The appellant objected to the trial court's imposition of such a severe sanction, dismissal; however, the trial court overruled the appellant's objection. The appellant now appeals the trial court's decision, asserting the following assignment of error:

## II. Assignment of Error

{¶ 8} 1. The trial court erred by dismissing the Indictment for an alleged violation of the criminal rules by the state of Ohio.

## III. Legal Analysis

{¶ 9} In its sole assignment of error, the appellant argues that the trial court erred when it dismissed the August 10, 2006 indictment charging the appellee with possession of less than one gram of cocaine, in addition to specifications involving forfeiture of property derived directly or indirectly from the commission of a felony drug offense. Specifically, the appellant contends that the trial court erred when it determined the appellant had violated Crim.R. 16(B) when it failed to provide the appellee with certain discovery documents.

{¶ 10} The grant or denial of a discovery motion in a criminal case rests within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent an abuse of discretion. See generally *State v. Wilson* (1972), 30 Ohio St.2d 199, 201, 59 O.O.2d 220, 283 N.E.2d 632. Discovery beyond Crim.R. 16 requirements is at the trial court's discretion. *State v. Landrum* (1990), 53 Ohio St.3d 107, 119, 559 N.E.2d 710. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1991), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 11} The trial court's entry in this case provides, succinctly:

Due to discovery issues which have been addressed to the Court, this matter is hereby dismissed without prejudice. The Prosecuting Attorney may re-file this matter once prepared to respond to Defendant's requests for discovery in a timely manner.

{¶ 12} It is well settled that a court speaks only through its journal, and we will not ordinarily consider matters that are not carried over into the court's

judgment entry. See *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903; *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 492 N.E.2d 146, fn. 3; *Snouffer v. Snouffer* (1993), 87 Ohio App.3d 89, 91, 621 N.E.2d 879; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 140, 601 N.E.2d 515, fn. 5. However, when it is in the interests of justice for a reviewing court to ascertain the grounds upon which the judgment of a lower court is founded, then the reviewing court must examine the entire proceedings, including the transcript with the trial judge's comments. See *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 95, 551 N.E.2d 172; *A.B. Jac., Inc. v. Liquor Control Comm.* (1972), 29 Ohio St.2d 139, 58 O.O.2d 342, 280 N.E.2d 371, paragraph two of the syllabus.

{¶ 13} A review of the transcript reveals that at the December 4, 2006 pretrial hearing, counsel for each of the parties was under the impression that the trial court would grant a continuance for a hearing on December 18, 2006, which would either function as a plea hearing or a hearing on a motion to suppress. The trial court, however, dismissed the matter without prejudice based upon an alleged failure by the appellant to provide the appellee with certain discovery documents, despite the fact that no motion to compel discovery or one for any sanctions was pending before the court.

{¶ 14} Crim.R. 16(B) provides:

(B) Disclosure of evidence by the prosecuting attorney.

(1) Information subject to disclosure.

(d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

{¶ 15} In construing this section, we have held that "a copy of the report of the test results complies with Crim.R. 16(B)(1)(d) and that the testing procedures leading to the results of the test [are] not required." *State v. Montgomery* (1996), Washington App. No. 94CA40, 1996 WL 141675, citing *State v. Jones* (1980), Athens App. No. 1025, 1980 WL 351056. In the case sub judice, the appellee provided a copy of the report of the test results, as performed by Smith, on two occasions: first, as a part of the September 11, 2006 notice pursuant to R.C. 2925.51, and second, in its October 31, 2006 answer to discovery. Therefore, no additional discovery was arguably required by Crim.R. 16(B)(1)(d). See *Montgomery,* supra; *Jones,* supra.

{¶ 16} Additionally, assuming arguendo that a discovery violation occurred, the trial court could have imposed a lesser sanction on the appellant. In resolving a dispute regarding a discovery violation, "[a] trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, paragraph two of the syllabus; *State v. Zirkle* (1997), Meigs App. No. 95CA21, 1997 WL 567938. Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing (1) that the prosecution's failure to disclose was a willful violation of the rule, (2) that foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect. *State v. Joseph* (1995), 73 Ohio St.3d 450, 458, 653 N.E.2d 285. Here, the trial court made no finding that the appellant's failure to provide the materials the appellee sought was a willful violation of Crim.R. 16, that foreknowledge of the information would have benefited the appellee, or that the appellee suffered any prejudicial effect. Rather, the trial court dismissed the indictment without making such findings at the pretrial stage of the proceedings and without any motions by the appellee.

## IV. Conclusion

{¶ 17} In our view, the trial court abused its discretion when it dismissed this matter for an alleged discovery violation. We hold that the appellant complied with the requirements of Crim.R. 16, as it provided appellee on two occasions with copies of the test results performed by BCI on the controlled substance. Additionally, we find that the trial court erred in dismissing the indictment as a sanction when a lesser sanction was available and consistent with the purposes of the Criminal Rules. Accordingly, we reverse the decision of the trial court, reinstate the indictment, and remand the cause for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McFARLAND, P.J., and HARSHA and ABELE, JJ., concur.