[Cite as *State v. Turner*, 2015-Ohio-3712.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA26 |
| v. | : | |
| | | DECISION AND |
| MICHAEL TURNER, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 09/09/2015 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Eric M. Hedrick, Assistant Ohio Public Defender, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Assistant Athens County Prosecuting Attorney, Athens, Ohio, for Appellee.

Hoover, P.J.

{¶ 1} Defendant-appellant, Michael Turner, ("Turner") appeals the sentence[1] imposed by the Athens County Common Pleas Court after he was found guilty by a jury of three counts of Trafficking in Cocaine, violations of R.C. 2925.03(A). For the reasons that follow, we dismiss the first assignment of error, affirm in part, reverse in part, and vacate the trial court's order as stated in the judgment entry regarding the imposition of a fine. Furthermore, we remand the matter to the trial court for resentencing in a manner consistent with this decision.

{¶ 2} Turner was indicted by an Athens County grand jury for three counts of Trafficking in Cocaine for incidents occurring in 2010. Counts one and two were indicted as felonies of the

---

[1] Turner does not appeal the prison sentences imposed upon him by the trial court.

third degree while count three was indicted as a felony of the second degree. A jury found Turner guilty of all three counts as indicted.

{¶ 3} The sentencing hearing took place on May 16, 2013, before Judge Michael Ward. At the sentencing hearing, the State acknowledged that at the time the Trafficking in Cocaine statute made no distinction between powder or crack cocaine and that Turner should be sentenced as if all three counts were third-degree felonies. Also at the hearing, Turner's attorney requested that the trial court not assess court costs or restitution based on Turner's indigence. No specific objections were made regarding the legality of the restitution order.

{¶ 4} The trial court proceeded to sentence Turner on all counts as third degree felonies. Turner was sentenced to thirty months in prison on each of the three counts to run consecutively for a total sentence of ninety months. The trial court also ordered Turner to pay the court costs within two years and to give a DNA sample. In addition, the trial court ordered "$1,800 in restitution to be, and the entry will state the appropriate amount to the Athens Police Departments, OU PD as well as BCI." After the sentence was imposed, Turner did not object to the sentence, including the restitution order.

{¶ 5} A judgment entry was then filed on May 24, 2013, that was signed by Judge Thomas Hodson. The judgment entry reflected that the sentencing took place on May 15, 2013, when in fact it occurred on May 16, 2013. The judgment entry included the consecutive sentences of thirty months on each count as well as the requirement that the court costs be paid within two years and that Turner submit to the DNA specimen collection procedure. The judgment entry did not, however, include the order of restitution that was made at the sentencing hearing. On the other hand, the judgment entry did contain the following language that was not ordered in the sentencing hearing:

The Court orders [Turner] to pay a fine in the amount of $600.00 to the Athens

Police Department, $600.00 to BCI & I, and $600.00 to the Ohio University

Police Department for a total fine owed in the amount of $1,800.00.

{¶ 6} A notice of appeal was timely filed on May 29, 2013, appealing the judgment entry

of conviction entered on May 24, 2013.

{¶ 7} On appeal, Turner asserts the following assignments of error:

ASSIGNMENT OF ERROR 1:

The trial court erred by violating R.C. 2929.18 when it ordered Mr. Turner to pay $1,800.00 in restitution to the Athens Police Department, the Ohio University Police Department, and the Ohio Bureau of Criminal Investigation. (Sentencing H'rg 4, 14; Judgment Entry, May 24, 2013.).

ASSIGNMENT OF ERROR 2:

The trial court erred and violated Mr. Turner's right to due process as well as Crim. R. 43 when it imposed a sentence in Mr. Turner's sentencing entry that was inconsistent with the sentence announced by the trial court at Mr. Turner's sentencing hearing. (Sentencing H'rg 14; Judgment Entry, May 24, 2013.).

{¶ 8} When reviewing felony sentences, we apply the standard of review set forth in R.C.

2953.08(G)(2). *State v. Mockbee*, 2014-Ohio-4493, 20 N.E.3d 1127, ¶ 11 (4th Dist.); *State v.*

*Graham*, 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 31; *State v. Bever,* 4th Dist.

Washington No. 13CA21, 2014-Ohio-600, ¶ 13. R.C. 2953.08(G)(2) specifies that an appellate

court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the

court clearly and convincingly finds either that "the record does not support the sentencing

court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to

law."

{¶ 9} Here, Turner failed to object to any portion of the sentence. After the trial judge

imposed sentence, he asked if there was anything else from counsel. Both the prosecutor and the

defense counsel answered in the negative. As a result of Turner's failure to object, he has waived

all but plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). " 'A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights.' " *State v. Frazier*, 4th Dist. Pickaway No. 10CA15, 2011 WL 856964, ¶ 14 (March 9, 2011), quoting *State v. Davis,* 4th Dist. Highland No. 06CA21, 2007–Ohio–3944, ¶ 22, in turn citing *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

{¶ 10} In order to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.,* quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllabus.

{¶ 11} With respect to the first assignment of error, Turner argues that the trial court erred by ordering him to pay restitution to law enforcement agencies. The restitution was purportedly for reimbursement to the agencies for the money those agencies spent buying drugs in their investigation of Turner. The State concedes the error of the trial court. The State agrees with Turner that "a law enforcement agency is not a 'victim' of a crime when it voluntarily spent its own funds to pursue a drug buy through an informant." [Merit brief of appellant, page 2.] The State does contend, however, that the only portion of Turner's sentence that needs to be addressed is restitution; thus, it requests that the prison sentence of ninety months be affirmed.

{¶ 12} Turner contends that the trial court erred by violating R.C. 2929.18 which provides:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * *

{¶ 13} At the sentencing hearing, although it was not explicitly stated that the $1,800 was for monies that was spent by the agencies buying drugs in their investigation, the State referenced the "buy money" when it requested restitution:

> Just under $2,000.00 worth of cocaine was sold into the Athens County as a result of the Defendant's actions. Uh, we would ask as a condition of sentence that the Defendant be ordered to pay $1,800.00 in restitution between the Athens Police Department, the Bureau of Criminal Identification and Investigation and the Ohio University Police Department.

{¶ 14} Turner argues law enforcement agencies are not victims of crime when it voluntarily spends its own funds to pursue a drug buy through an informant. This court explained in *State v. Samuels,* 4th Dist. Washington No. 03CA8, 2003–Ohio–6106, ¶ 5, citing Black's Law Dictionary (5th Ed.1979) 1405, that a "victim" is "generally defined as the person who was 'the object' of the crime-e.g. the victim of the robbery is the person who was robbed." A law enforcement agency is not a "victim" under R.C. 2929.18(A)(1) when it voluntarily spends its own funds to pursue a drug buy through an informant. *Id.* at ¶¶ 5, 10. Consequently, those expended funds cannot constitute a "victim's economic loss" under the statute. The trial court committed plain error when it ordered the defendant to pay restitution for such expenditures because the restitution was not authorized by statute. *Id.* at ¶ 9.

{¶ 15} Although this court interpreted a former version of R.C. 2929.18(A)(1) in *Samuels*, we applied the holding in that case to the current version of the statute in *State v. Montgomery*, 2008-Ohio-4753, 970 N.E.2d 999, ¶ 11 (4th Dist.):

> * * * [W]e have previously held that a law-enforcement agency is not a "victim" of a crime when it "voluntarily spent its own funds to pursue a drug buy through

an informant." *State v. Samuels,* Washington App. No. 03CA8, 2003–Ohio–6106,

2003 WL 22704409, at ¶ 5 (construing analogous-predecessor statute). Thus, the

trial court ordered restitution to a third party, not the victim of the crime, an order

not permitted by the statute.

We held in *Montgomery* that the trial court committed plain error when it ordered defendant to

pay restitution to the sheriff's department for funds used by the department to buy drugs from

him. We reversed and vacated the restitution order. *Id.* at ¶ 12.

{¶ 16} This same issue was presented to this court again in *State v. Frazier*, *supra*. In

*Frazier*, the State conceded that the trial court committed plain error. We concluded that, when a

restitution amount represents compensation for funds that a law enforcement department

expended to buy drugs from the defendant through an informant, R.C. 2929.18(A)(1) does not

permit a restitution order under such circumstances. *Id*. at ¶ 19.

{¶ 17} Here, the trial court ordered Turner to pay restitution to the law enforcement

agencies at the sentencing hearing. However, the restitution order was not included in the

sentencing entry. Therefore, before we analyze whether the trial court committed plain error in

this case, we must note that in general, " '[a] court of record speaks only through its journal and

not by oral pronouncement or mere written minute or memorandum.' " *State v. Osie*, 140 Ohio

St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 83, quoting *Schenley v. Kauth*, 160 Ohio St. 109,

113 N.E.2d 625 (1953), paragraph one of the syllabus; *see also State v. Brooke*, 113 Ohio St.3d

199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47 (a court speaks through its journal). Because a

court speaks only through its journal, we ordinarily will not consider matters that are not carried

over into the court's judgment entry. *State v. Jenkins*, 174 Ohio App.3d 374, 2007-Ohio-7180,

882 N.E.2d 57, ¶ 12 (4th Dist.).

{¶ 18} Because the trial court, in the case sub judice, never carried its restitution order over into its sentencing entry, we will not consider the matter. Therefore, rather than find plain error, we dismiss Turner's first assignment of error.

{¶ 19} In the second assignment of error, Turner contends that the trial court erred and violated his right to due process as well as Crim.R. 43 by imposing a sentence in the sentencing entry that was inconsistent with the sentence announced by the trial court at the sentencing hearing. The State concedes that the judgment entry does not accurately reflect the sentence announced at the sentencing hearing. Once again, the State requests this court to affirm the ninety month prison sentence and to only "address the $1800.00 buy money."

{¶ 20} Crim.R. 43 provides a criminal defendant the right to be present at every stage of the criminal proceedings including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1); *State v. Porter,* 4th Dist. Pickaway No. 08CA26, 2009–Ohio–3112, ¶ 34. Thus, " '[b]ecause the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence.' " *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 10, quoting *State v. Kovach,* 7th Dist. Mahoning No. 08–MA–125, 2009–Ohio–2892, ¶ 28, in turn citing *State v. Jordan,* 10th Dist. Franklin No. 05AP–1330, 2006–Ohio–5208, ¶ 48.

{¶ 21} In the case sub judice, Turner's sentence is contrary to law because the sentence announced by the trial court at the hearing differed from that in the sentencing entry. At the sentencing hearing, the State acknowledged that it had "no argument with the fact that [Turner is] indigent although were he not he would also be facing a mandatory drug fine. * * *" The State also said, "[S]o while we can't ask for any kind of fine we would ask the Court impose a

restitution request." The difference in the sentence as memorialized in the sentencing entry is material. The sentencing entry imposed a fine upon Turner although the imposition of a fine was specifically discussed at the sentencing hearing and was not pursued by the prosecutor. The trial court also did not order the imposition of a fine against Turner at the sentencing hearing. The State does not dispute that the trial court erred in this regard.

{¶ 22} Accordingly, we sustain Turner's second assignment of error, as the sentencing entry violated Crim.R. 43, and was thus, contrary to law.

{¶ 23} Sustaining Turner's second assignment of error, we reverse and vacate the trial court's order with respect to the fine ordered in the judgment entry. In all other regards, we affirm the judgment below.

{¶ 24} Lastly, because of the confusion caused by various discrepancies[2] such as the judgment entry containing an incorrect date of the sentencing hearing and a judge signing the judgment entry that did not actually conduct the sentencing hearing, we remand this case to the trial court for resentencing consistent with this opinion.

APPEAL DISMISSED IN PART;
JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

---

[2] We also acknowledge that a Nunc Pro Tunc Judgment Entry was filed on June 7, 2013, but this was after the notice of appeal was already filed. The Nunc Pro Tunc Judgment Entry causes further confusion as the case caption lists Judge George P. McCarthy while the judgment entry is signed by Judge Michael Ward. The Nunc Pro Tunc Judgment Entry changed the date of the sentencing to the correct date of May 16, 2013; however, it still incorrectly reflected the fine instead of the restitution as ordered at the sentencing hearing.

**JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED IN PART; JUDGMENT IS AFFIRMED IN PART, REVERSED IN PART and the CAUSE IS REMANDED for proceedings consistent with this opinion. Appellant and Appellee shall split the costs herein taxed.

The Court finds reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

By:_____
          Marie Hoover
          Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.