[Cite as *State v. Efford*, 2023-Ohio-3360.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                  Nos. 112077 and 112078

    v.                            :

DEAMAUTE EFFORD,                        :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-645865-A and CR-20-653320-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey S. Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Flowers & Grube, Louis E. Grube, and Melissa A. Ghrist, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Deamaute Efford ("Efford") appeals his sentence after guilty pleas to involuntary manslaughter and other charges. For the

reasons that follow we affirm in part and remand in part for the trial court to correct its sentencing entry.

**Factual and Procedural History**

{¶ 2} On November 18, 2019, Efford was indicted in Cuyahoga County C.P. No. CR 19-645865-A ("Case No. 19-645865") on one count of domestic violence a felony of the fifth degree. The indictment alleged: furthermore, Efford knew that the victim, Z.R. was pregnant. The indictment also included a pregnant-victim specification.

{¶ 3} On September 24, 2020, Efford, along with two codefendants, Jahmontay Harder ("Harder") and Teighlor Johnson ("Johnson"), was indicted in Cuyahoga County C.P. No. CR 20-653320-A ("Case No. 20-653320"), a nine-count indictment involving the murder of Tavon Powell ("Powell"). Efford was charged with aggravated murder, an unclassified felony (Count 1); aggravated robbery, a felony of the first degree (Count 2); aggravated burglary, a felony of the first degree (Count 3); murder, an unclassified felony (Count 4); murder, an unclassified felony (Count 5); felonious assault, a felony of the second degree (Count 6); and felonious assault, a felony of the second degree (Count 7). The remaining two counts only pertained to Harder. Each count held an associated one-year and three-year firearm specification.

{¶ 4} On August 23, 2021, Efford entered into a negotiated plea agreement. Efford pleaded guilty as charged in Case No. 19-645865. In Case No. 20-653320, Efford pleaded guilty to Count 1, as amended, to involuntary manslaughter, a felony

of the first degree and to the two associated firearm specifications. Efford also pleaded guilty to Count 2, aggravated robbery. The state moved to dismiss the associated firearm specifications and the remaining charges against Efford in the indictment.

{¶ 5} As part of the plea agreement, the parties agreed that the two charges in Case No.20-653320 would not merge for sentencing. Additionally, Efford agreed to cooperate in the prosecution of his two co-defendants. In return, the state would recommend a sentence with a "floor" of 10 to 15 years. During the plea colloquy, the trial court ensured that Efford understood that the court was not bound by the sentencing recommendation.

{¶ 6} Efford was sentenced on September 30, 2022. By that time, both he and Johnson had testified at Harder's trial. The state represented that Efford had fulfilled the obligations under his plea agreement and asked the court to impose the recommended sentence. The state also noted that the case would not have progressed if Efford's mother had not gone to the police and arranged for police to locate and interview Efford. Several members of Efford's family were present and gave statements to the court. Efford's attorney then spoke and noted that Efford did not have a juvenile record, and had only received a citation for disorderly conduct prior to the domestic violence indictment.

{¶ 7} Before issuing its sentence, the trial court asked Efford if he was wearing a GPS monitor when he participated in the aggravated robbery. Efford admitted that he was wearing the GPS monitor assigned from the domestic violence

case. The trial court then noted that it had heard Efford testify at Harder's trial. The trial court found that Efford was the ringleader, not Harder. It was Efford who kicked in Powell's door in order to effectuate the robbery. The court noted that Efford wanted to back out of the plea deal at the beginning of trial, although he did testify. Additionally, the trial court found that Efford's testimony was "significantly inconsistent" with Johnson's testimony and the known facts of the case.

{¶ 8} The trial court sentenced Efford to 12 months on the domestic violence charge with credit for time served. On the involuntary manslaughter charge (Count 1), the trial court imposed a sentence of three years on the firearm specification consecutive to 11 to 16 and one-half years on the involuntary manslaughter charge. On the aggravated robbery charge, the trial court imposed a sentence of six years to run consecutive to Count 1. The aggregate term was 20 years to 25 and one-half years.

{¶ 9} In support of consecutive sentences, the trial court found that Efford committed the 2020 case while awaiting trial on the 2019 case. The trial court found that a single term did not adequately reflect Efford's conduct and the sentence was necessary to punish the offender and protect the public and was not disproportionate in a murder case.

{¶ 10} The trial court's subsequent journal entry of the conviction found that Efford pleaded guilty to notice-of-prior-conviction and repeat-violent-offender ("RVO") specifications. Efford was neither charged with nor did he plead guilty to any such specifications.

{¶ 11} Efford appeals and assigns the following errors for our review.

## Assignment of Error No. 1

The trial court committed plain error by imposing consecutive sentences based upon factual findings that the record clearly and convincingly does not support.

## Assignment of Error No. 2

The trial court committed plain error by convicting Efford on specifications for which he was not charged and did not enter a guilty plea.

## Assignment of Error No. 3

The trial court committed plain error by sentencing Efford pursuant to the unconstitutional Reagan Tokes law.

{¶ 12} For ease of analysis, we will address Efford's assignments of error out of order.

## Convictions for RVO and Prior Conviction Specifications

{¶ 13} In the second assignment of error, Efford argues that the trial court erred when it included in its journal entry that Efford had pleaded and been found guilty of RVO specifications and prior-conviction specifications. The state concedes that this was an error. The record reflects that Efford's codefendant Harder was the only defendant indicted for RVO specifications and prior-conviction specifications. Accordingly, Efford's second assignment of error is sustained. The case is remanded for the trial court to issue a nunc pro tunc journal entry correcting this error.

**Reagan Tokes Sentence**

{¶ 14} In his third assignment of error, Efford argues that the trial court committed plain error by sentencing him under the Reagan Tokes Law, S.B. 201. Efford alleges that the law violates the constitutional rights to a jury trial and procedural due process; and violates the separation-of-powers-doctrine.

{¶ 15} The Ohio Supreme Court has recently addressed all of these issues and found they lack merit. *See State v. Hacker*, Slip Opinion No. 2023-Ohio-2535.

{¶ 16} Accordingly, the third assignment of error is overruled.

**Imposition of Consecutive Sentences**

{¶ 17} Finally, in the first assignment of error, Efford argues that it was plain error for the trial court to impose consecutive sentences as the record did not clearly and convincingly support consecutive sentence findings. Specifically, Efford alleges that the record did not support the findings that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public.

{¶ 18} The review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. Watkins*, 8th Dist. Cuyahoga No. 110355, 2022-Ohio-1231, ¶ 21, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2), a reviewing court may increase, reduce, modify, or vacate and remand a felony sentence if this court clearly and convincingly finds either that the record does not support the sentencing court's findings as prescribed under specific

statutes or the sentence is "otherwise contrary to law." *State v. Artis*, 8th Dist. Cuyahoga No. 111298, 2022-Ohio-3819 ¶ 11. It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error. *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 9 citing *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6.

{¶ 19} Generally, there is a presumption for concurrent sentences when a person is convicted of multiple offenses, R.C. 2929.41(A). The law allows a court to impose consecutive sentences only when certain conditions are met. Those conditions are met when the trial court finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). In addition to these findings, the court must also find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} In making this determination, the trial court "must consider the number of sentences it will impose consecutively along with the defendant's aggregate sentence that will result." *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 12. A reviewing court conducts a de novo review of the imposition of consecutive sentences and may reverse or modify the sentence, including the number of consecutive sentences, if the court "clearly and convincingly finds that the record does not support the trial court's findings." *Id.*

{¶ 21} When reviewing the sentence, the appellate court must first determine whether the trial court made the required findings under R.C. 2929.14(C). If the court failed to make the required findings, then the appellate court must find the order of consecutive sentences was contrary to law and either modify or vacate the sentence and remand. *Id.* at ¶ 25. If the court did make the required findings, the appellate court must determine whether the record clearly and convincingly supports those findings. *Id.*

{¶ 22} In the instant case, the trial court made all the requisite findings, finding that consecutive sentencing was necessary to punish the offender and protect the public. The trial court also found that consecutive sentences were not disproportionate "in a murder case." Finally, the court noted that Efford committed the offenses in Case No. 20-655320 while awaiting trial on Case No. 19-645865. R.C. 2929.14(C)(4)(a). Therefore, we look to determine whether the findings are clearly and convincingly supported by the record.

{¶ 23} Clear and convincing proof is defined as

[t]he measure or degree of proof that will produce in the mind * * * a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 25 Ohio B. 150, 495 N.E.2d 23 (1986).

*State v. Williams*, 8th Dist. Cuyahoga No. 98934, 2013-Ohio-2201, ¶ 5.

{¶ 24} During the hearing, the trial court discussed the conduct underlying the offense. Specifically, the court noted that the evidence suggested that Efford was the primary instigator of the offense, not Harder. The evidence supported, and Efford admitted, that he was the one who kicked down Powell's door. The trial court also noted that Efford was wearing a court-ordered GPS ankle monitor at the time of the offense. Not only was Efford unconcerned that he had a pending case in court, but he was unconcerned that the trial court and or law enforcement could track his location and connect him to the crime. Efford made the choice to conduct further crimes under these circumstances. The court's finding that a consecutive sentence was necessary to prevent future crime and punish the offender is supported by the record.

{¶ 25} In his brief, Efford focuses significant attention on the trial court's use of the word murder in concluding that the sentence was not disproportionate to his conduct. Efford argues that his plea to involuntary manslaughter removes the issue of murder, and that there is no evidence that Efford committed murder because all murder-related charges were dismissed. The trial court, however, does not solely

look at the convicted charge but at the conduct of the defendant. *See* R.C. 2929.11 and 2929.12. The record reflects that Johnson told Harder and Efford that the victim had a large sum of money in his apartment. According to the victim's girlfriend, the victim brought the money home the same night he was killed. The three then proceeded to the victim's apartment to rob, and ultimately kill him. Harder was found guilty of all counts including aggravated murder. A trial court may consider "the entirety of a defendant's actions in a particular case." *State v. Diaz*, 8th Dist. Cuyahoga No. 102582, 2015-Ohio-4382, ¶ 9. Given the foregoing, the nature of the plea agreement does not mitigate Efford's proven conduct. The trial court's findings were supported by the record.

{¶ 26} Accordingly, the first assignment of error is overruled.

{¶ 27} Judgment affirmed and case remanded to correct the sentencing entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., CONCUR;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 28} I fully concur with the majority opinion on the second and third assignments of error. On the first assignment of error, under which Efford challenges the trial court's imposition of consecutive sentences, I agree with the majority that the trial court did not err in the imposition of consecutive sentences and write to further address the issues raised.

{¶ 29} At the sentencing hearing, the trial court initially explained why it was not imposing the recommended sentence, which recommended the trial court "set the floor at between ten and fifteen years." The parties' plea agreement required in part that Efford cooperate in the state's prosecution of his codefendants and testify truthfully. Efford did provide testimony at the trial of a codefendant, with whom he had a close relation, despite having concerns about potential consequences. The state, having obtained a conviction against that codefendant, acknowledged that there were some inconsistencies with Efford's testimony, but believed Efford fulfilled his obligation under the plea agreement. Understandably, the state does not wish to deter similar plea agreements.

{¶ 30} This case reveals the inherent problem of non-enforceable plea agreements. There are often inconsistent results produced with such agreements between different judges. A defendant like Efford makes a deal in an attempt to minimize his exposure, while the state offers that deal to strengthen its case against the codefendant. Such agreements are often reached with the consent of the victim or the victim's family. The prosecutor uses this leverage in an attempt to resolve

cases and reach some form of justice. The fate of the agreement, however, rests in the balance of the particular judge handling the case. Different judges see such agreements, and the weight given to testimony offered to secure the agreement, differently.

{¶ 31} Yet, none of this matters because the trial judge, in what amounts to having the ultimate say, is not bound by any of the terms of the plea agreement. Had Efford drawn a different judge on his arraignment day, his agreement may well have been honored and his exposure shortened. This raises the question of whether such nonbinding "agreements" should even be offered or considered. Yet, that is a question for another day.

{¶ 32} As it stands, the trial judge was not bound by the recommended sentence, could consider whether the plea agreement was satisfied, and explained why the court did not believe Efford had been forthcoming with testifying truthfully and honestly. The trial court indicated that Efford was still better off having testified under the plea agreement, as he otherwise would have been looking at a possible sentence of life without parole.[1] The trial court imposed an aggregate term of 20 to 25 and one-half years for the involuntary manslaughter and aggravated robbery convictions.[2]

---

[1] In Cuyahoga C.P. No. CR-20-653320-A, Efford was charged under seven counts in the indictment, which included a charge of aggravated murder, but he pled guilty to two amended charges of involuntary manslaughter and aggravated robbery, which the parties agreed would not be merged, pursuant to the plea agreement.

[2] The trial court also sentenced Efford in the domestic-violence case, Cuyahoga C.P. No. CR-19-645865-A, to 12 months with credit for time served.

{¶ 33} The record further reflects that in imposing consecutive sentences, the trial court made the requisite findings, which are discussed in the majority opinion. Because Efford did not object to the imposition of consecutive sentences at the sentencing hearing, he forfeited this issue, absent plain error. *See State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 166, citing *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 152.

{¶ 34} In reviewing a consecutive-sentence challenge, the appellate court applies R.C. 2953.08(G)(2)'s clear-and-convincing standard. It is important to reiterate that R.C. 2953.08(G)(2) is written in the negative and requires the court of appeals to clearly and convincingly find that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). Support for the findings may appear anywhere in the record. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.). Pursuant to *Gwynne*, Slip Opinion No. 2022-Ohio-4607, upon a de novo review and without any deference to the trial court's consecutive sentence-findings, we must have "a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results." *Gwynne* at ¶ 29.

{¶ 35} The majority opinion reviews evidence in the record that shows Efford was told the victim had a large sum of money in his apartment, Efford kicked in the door of the victim's apartment, a shooting occurred, and Efford was wearing a GPS ankle monitor at the time and had a pending domestic-violence case.

Although Efford takes issue with the trial court's reference to murder when he pled guilty to involuntary manslaughter, I agree with the majority that the trial court properly considered the "conduct" involved and the entirety of Efford's actions in this case.

{¶ 36} Upon reviewing the record, I do not have the firm conviction or belief that the record does not support the trial court's consecutive-sentence findings. Accordingly, the trial court did not commit error, let alone plain error, and the first assignment of error should be overruled.