[Cite as *State v. Pacheco*, 2023-Ohio-4208.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                               No. 112268

    v.                          :

JASON PACHECO,                          :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:**  November 22, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668598-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eben O. McNair, Daniel Cleary, and Samantha Sohl, Assistant Prosecuting Attorneys, *for appellee.*

The Law Office of Schlachet and Levy and Eric M. Levy, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1}  Defendant-appellant, Jason Pacheco ("Pacheco") appeals his convictions stemming from a bar fight and car crash on December 24, 2021, that

killed one victim and seriously injured another. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

**Procedural and Factual History**

{¶ 2} On December 24, 2021, Pacheco and his friends were involved in a disturbance at a bar. Pacheco and his friends left the bar and drove south on W. 25th Street, where he ran a red light. Pacheco was speeding at approximately 60 m.p.h. when he crashed into Ms. Hana Mohamed's minivan. Ms. Mohammed was partially ejected from the vehicle. Ms. Mohammed and her mother, Naderah Iwais, were transported to the hospital with serious injuries. Ms. Iwais succumbed to her injuries. Pacheco and his passengers fled the scene of the accident. The next day, Pacheco contacted the police.

{¶ 3} Pacheco was indicted on March 15, 2022, in C.P. No. CR-22-668598 in a 16-count indictment stemming from the incident at the bar and the collision. On October 31, 2022, Pacheco pleaded guilty to amended Count 1, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1); Count 2, aggravated vehicular homicide, a felony of the third degree, in violation of R.C. 2903.06(A)(2)(a), which merged with Count 1 for sentencing; Count 4, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(2)(b); Count 6, failure to stop after accident, a felony of the third degree, in violation of R.C. 4549.02(A)(1); Count 7, failure to stop after accident, a felony of the fifth degree, in violation of R.C. 4549.02(A)(1); Count 9, riot, a misdemeanor of the first

degree, in violation of R.C. 2917.03(A)(1). The trial court ordered a presentence investigation ("PSI"), and sentencing was set for November 30, 2022.

{¶ 4} Pacheco was sentenced to six to nine years on Count 1, felonious assault. Count 1 was subject to an indefinite six to nine years under the Reagan Tokes Law and was merged with Count 2 for sentencing purposes. The court imposed a prison term of three years on Count 4. The court ordered consecutive service for Counts 1 and 4 and stated the following findings on the record:

> THE COURT: The record should reflect that I imposed a consecutive sentence on Counts 1 and 4. The court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender, and there were two separate victims in this case.

{¶ 5} Regarding the remaining counts, the trial court imposed a prison term of 36 months on Count 6, 12 months on Count 7, and six months on Count 9, all concurrent to Count 1. The aggregate term was six to nine years. Finally, the court imposed a ten-year license suspension upon Pacheco's release from prison. Pacheco now appeals and raises the following assignments of error for review.

### First Assignment of Error

> The trial court erred when it imposed a sentence suspending the appellant's driver's license for ten-years, contrary to law.

## Second Assignment of Error

The trial court erred when it imposed a sentence assessing points to appellant's driving record not announced at the oral sentencing hearing and contrary to law.

## Third Assignment of Error

The record does not support the consecutive sentence imposed upon appellant, and the findings required to impose consecutive sentences were incomplete and contrary to law.

## Fourth Assignment of Error

Appellant's indefinite sentence imposed under the Reagan Tokes sentencing scheme violates appellant's rights under the United States Constitution applied to the state of Ohio through the Fourteenth Amendment and the Ohio constitution as it denies appellant due process of law; violates the right to equal protection; violates the Sixth Amendment right to a jury trial; violates the separation of powers doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred too much authority to the Ohio Department of Rehabilitation and Correction (ODRC).

## Fifth Assignment of Error

The trial court erred when it reflected the wrong code section for amended Count 1, felonious assault, in its plea and sentencing journal entries.

## Law and Analysis

{¶ 6} The standard of review for felony sentencing requires an appellate court to review the record, including the findings underlying the sentence ordered by the sentencing court. *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6. If the reviewing court clearly and convincingly finds that (1) the record does not support the sentencing court's findings or (2) the sentence is otherwise contrary to law, then the appellate court may increase, reduce, or otherwise modify

a sentence; or the appellate court may vacate the sentence and remand the matter to the court for resentencing. *Id.* For ease of analysis, Pacheco's assignments of error will be addressed out of order and together, where appropriate.

**License Suspension and Points**

{¶ 7} Pacheco's first and second assignments of error will be addressed together for ease of analysis.

{¶ 8} Pacheco argues in his first and second assignments of error the trial court erred when it imposed a ten-year driver's license suspension on Count 4, aggravated vehicular assault, under R.C. 2903.08(A)(2)(b); and the trial court failed to inform Pacheco that six points were assessed on his license.

{¶ 9} As a preliminary matter, R.C. 2903.08(C)(2) and (3) govern punishment for vehicular assault under R.C. 2903.08(A)(2) and (3). R.C. 2903.08(C) (2) provides in relevant part:

> In addition to any other sanctions imposed, the court shall impose upon the offender a class four suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(4) of section 4510.02 of the Revised Code or, if the offender previously has been convicted of or pleaded guilty to a violation of this section, any traffic-related homicide, manslaughter, or assault offense, or any traffic-related murder, felonious assault, or attempted murder offense, a class three suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(3) of that section.

{¶ 10} The assessment of points is also prescribed by statute. R.C. 4510.036 requires as follows:

(B) Every court of record or mayor's court before which a person is charged with a violation for which points are chargeable by this section shall assess and transcribe to the abstract of conviction that is furnished by the bureau to the court the number of points chargeable by this section in the correct space assigned on the reporting form.
* * *

(C) A court shall assess the following points for an offense based on the following formula:

(1) Aggravated vehicular homicide, vehicular homicide, vehicular manslaughter, aggravated vehicular assault, or vehicular assault when the offense involves the operation of a vehicle, streetcar, or trackless trolley on a highway or street _____6 points.

{¶ 11} In the instant matter, Pacheco argues that the trial court imposed a ten-year license suspension, which is unauthorized by law for vehicular assault conviction and failed to inform him that a six-point license assessment was statutorily required. There is no dispute that if the crimes are statutory, so are the penalties, and the only sentence that a trial court may impose is that provided for by statute. *State v. McKenzie*, 7th Dist. Columbiana No. 20 CO 0024, 2021-Ohio-3170, ¶ 19.

{¶ 12} As it relates to the license suspension, Pacheco claims that absent a prior conviction, he is only subject to a class four suspension. A class four suspension requires the court to impose a definite license suspension of one to five years. A trial court may enhance a class four license suspension to a class three suspension when the charge includes a prior conviction. R.C. 2903.08(C)(2).

{¶ 13} Pacheco pleaded guilty to two counts of failure to stop after an accident in violation of R.C. 4549.02. R.C. 2903.08 requires the trial court to

enhance a violation of R.C. 2903.08(A)(2) from an F4 to an F3, based on the same course of conduct as the violations for a failure to stop after an accident; however, it does not permit an enhancement of the class license suspension. R.C. 2903.08 requires a *previous* conviction and may not rely on the same course of conduct that resulted in the violation of R.C. 2903.08(A)(2) before the trial court is required to enhance a class four license suspension to a class three license suspension.

{¶ 14} In the instant case, Pacheco had no applicable previous conviction. The trial court was required to impose a definite term of suspension of between one and five years. Accordingly, the ten-year driver's license suspension is contrary to law.

{¶ 15} Pacheco alleges that the trial court assessed six points on his license under R.C. 4510.036 but failed to impose points during the sentencing hearing when Pacheco was physically present. R.C. 4510.036. Pacheco relies on Crim.R. 43, which provides in part:

> Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules.

{¶ 16} A sentence is contrary to law when the sentence announced by the trial court at the hearing differs from that in the sentencing entry. *State v. Turner*, 4th Dist. Athens No. 13CA26, 2015-Ohio-3712, ¶ 21. The trial court errs when its judgment entry differs from the sentence it announced at the sentencing hearing in the defendant's presence. *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-

Ohio-3320, ¶ 18. The record reveals that the trial court did not inform Pacheco that he would be assessed six points against his license during the plea or sentencing hearings.

{¶ 17} The sentence announced in open court violated Crim.R. 43 and was, therefore, contrary to law. Pacheco's first and second assignments of error are sustained.

## Consecutive Sentence

{¶ 18} Pacheco argues in his third assignment of error that the record does not support the consecutive sentence imposed and the findings required to impose consecutive sentences were incomplete and contrary to law.

{¶ 19} An appellate court reviews challenges to consecutive sentences de novo. If a trial court failed to make the requisite findings, the appellate court must find the order of consecutive sentences was contrary to law and either modify or vacate the sentence and remand. *State v. Efford*, 8th Dist. Cuyahoga Nos. 112077 and 112078, 2023-Ohio-3360, ¶ 21. If the trial court made the required findings, the appellate court may only reverse or modify the sentence, including the number of consecutive sentences, if the court "clearly and convincingly finds that the record does not support the trial court's findings." *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442, 2023-Ohio-4068.

{¶ 20} When the trial court imposes consecutive sentences, it must make findings under R.C. 2929.14(C)(4) that a consecutive sentence is 1) necessary to protect the public from future crime or punish the offender; 2) proportionality both

as to the seriousness of the offender's conduct and danger posed to the community; and, 3) the need to protect the public from harm so great or unusual that a single term does not adequately reflect the seriousness of his repeated conduct. *State v. Hollander*, 144 Ohio App.3d 565, 571, 760 N.E.2d 929 (8th Dist.2001).

{¶ 21} Pacheco argues that the sentencing hearing transcript and journal entry of the sentencing contained different findings. First, the appellate court must review the record and determine if the trial court made findings under R.C. 2929.14(C)(4).

{¶ 22} Additionally, the court must find any one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)

{¶ 23} In the instant case, the trial court made the following findings on the record:

The record should reflect that I did impose a consecutive sentence on Count 1 and Count 4. The court finds that consecutive sentences are necessary to protect the public from future crime and to punish the

offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender, and there were two separate victims in this case.

(Tr. 34.)

{¶ 24} The trial court is required to make the statutory findings on the record and incorporate them in its journal entry; however, the trial court is not required to recite a word-for-word recitation of the language of R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The relevant inquiry is whether the reviewing court can discern that the trial court engaged in the correct analysis and determine that the record contains evidence supporting the court's findings. *Id.*

{¶ 25} Here, the trial court clearly found that R.C. 2929.14(C)(4)(c) was applicable. The record reflects that the court reviewed the PSI and considered Pacheco's criminal history, including fleeing from police, driving under suspension, failing to maintain physical control, and prior drug cases, and that the serious injuries sustained by two victims and loss of life caused by Pacheco's criminal conduct necessitated consecutive sentences to protect the public. The sentencing entry however, cites the wrong subsection of R.C. 2929.14(C)(4). It is well settled that the court may correct clerical mistakes through a nunc pro tunc entry to reflect what actually occurred in open court. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15. *Bonnell* at ¶ 30.

{¶ 26} Furthermore, the record demonstrates that the trial court considered the number of sentences it imposed consecutively as well as the resulting aggregate sentence when the trial court imposed consecutive sentences on Counts 1 and 4 and concurrent sentences on the remaining counts, for an aggregate sentence of six to nine years. The trial court is ordered to correct nunc pro tunc, the sentencing entry to reflect the findings it made on the record. Accordingly, Pacheco's third assignment of error is overruled in part and sustained in part.

**Reagan Tokes**

{¶ 27} In his fourth assignment of error, Pacheco alleges his appellant's indefinite sentence imposed under the Reagan Tokes sentencing scheme violates his rights under the United States Constitution applied to the state of Ohio through the Fourteenth Amendment and the Ohio Constitution since it denies appellant due process of law; violates the right to equal protection; violates the Sixth Amendment right to a jury trial; violates the separation-of-powers doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred too much authority to the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 28} The Ohio Supreme Court recently addressed these issues in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, and found they lack merit. *See Efford*, 8th Dist. Cuyahoga Nos. 112077 and 112078, 2023-Ohio-3360, at ¶ 15.

{¶ 29} Pacheco's fourth assignment of error is overruled.

**Plea and Sentencing Entries**

{¶ 30} In his fifth assignment of error, Pacheco argues that the trial court erred when it reflected a plea to Count 1, felonious assault by means of a weapon or deadly ordnance, in violation of R.C. 2903.11(A)(2), instead of felonious assault in violation of R.C. 2903.11(A)(1), as amended, in its plea and sentencing journal entries.

{¶ 31} The state concedes that the plea and sentencing entries reflect the incorrect section of the Revised Code, for which Pacheco pleaded guilty. A nunc pro tunc entry should reflect what the court decided properly. *State v. Dejesus*, 8th Dist. Cuyahoga Nos. 112043 and 112193, 2023-Ohio-2485, ¶ 34. A careful review of the record reflects that the state amended Count 1 by removing the language "by means of a weapon or dangerous ordnance."

{¶ 32} Accordingly, Pacheco pled guilty to felonious assault in violation of R.C. 2903.11(A)(1). Pacheco's fifth assignment of error is sustained. This matter is remanded to enter a nunc pro tunc order to correct the plea and sentencing entries consistent with this opinion.

{¶ 33} Judgment is affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR