[Cite as *State v. Whittenburg*, 2022-Ohio-803.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellant,        :

                 No. 109700

           v.                    :

JACOB WHITTENBURG,                      :

      Defendant-Appellee.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648320-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant*.

Jeffrey M. Gamso, *for appellee*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} On March 22, 2019, the Reagan Tokes Law, as defined under R.C. 2901.011, went into effect. The new sentencing law departs from the existing definite sentencing scheme and provides an indefinite sentencing scheme for

felonies of the first or second degree committed on or after March 22, 2019. Defendant-appellee Jacob Whittenburg was found guilty of a second-degree felony offense committed after March 22, 2019. However, rather than imposing an indefinite sentence pursuant to the provisions of the Reagan Tokes Law, the trial court sua sponte declared the law unconstitutional and sentenced Whittenburg under the pre-S.B. 201 sentencing law instead. The state of Ohio appeals from the trial court's judgment. In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court considered the constitutionality of the Reagan Tokes Law en banc and the majority of the court found the law to be constitutional. Accordingly, the judgment of the trial court is reversed and the matter is remanded for resentencing.

{¶ 2} On April 14, 2020, Whittenburg pleaded guilty under a plea agreement to an amended count of attempted aggravated burglary, a felony of the second degree, accompanied with a one-year firearm specification.

{¶ 3} The transcript of the plea hearing reflects that, before the Crim.R. 11 plea colloquy, defense counsel reported that he had advised Whittenburg regarding the Reagan Tokes ramification of his plea to ensure that the plea would be knowing, intelligent, and voluntary. In response to counsel's representation, the trial court sua sponte stated that it found the Reagan Tokes Law unconstitutional and, therefore, it would not impose an indefinite sentence on Whittenburg.

{¶ 4} After Whittenburg pleaded guilty, the trial court proceeded to sentence him to a three-year term for his second-degree felony offense — instead of an

indefinite term as required by S.B. 201 — in addition to a one-year term for the firearm specification. The state now appeals from the trial court's judgment, raising the following assignment of error for our review:

> The trial court erred in finding the indefinite sentence required under S.B. 201 to be unconstitutional.

{¶ 5} As an initial matter, we note that in 1996, the General Assembly enacted R.C. 2953.08 to permit both a defendant and the state to appeal a felony sentence on the ground that a sentence is "contrary to law." "Both the state and the defendant have an appeal as of right if a sentence is 'contrary to law.'" *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. R.C. 2953.08(B)(2) provides prosecutors with an appeal as a matter of right in felony cases on grounds that the sentence is contrary to law while R.C. 2953.08(A)(4) provides defendants with the same right to appeal. Specifically, R.C. 2953.08(B)(2) states that a prosecuting attorney "may appeal *as a matter of right* a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony" on the ground that the sentence is "contrary to law." (Emphasis added.) It is undisputed that the Reagan Tokes Law was in effect when Whittenburg was sentenced. Because the trial court here did not impose a sentence as required by the existing law, the sentence is "contrary to law," and therefore the state has the right to appeal pursuant to R.C. 2953.08(B)(2) as a matter of right.

{¶ 6} Whittenburg claims the state waived a challenge to his sentence by not expressively lodging an objection. However, a sentence imposed contrary to law

constitutes a plain error and we may review it for plain error. *See e.g., State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 2 (although appellant did not object to the imposition of the sentence at the sentencing hearing, the sentence imposed by the trial court was not authorized by law and contrary to law, and therefore constituted plain error); *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 15 (where the trial court failed to make the requisite findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences, appellant's sentence was contrary to law and constituted plain error).

{¶ 7} Whittenburg argues the trial court was correct in finding the Reagan Tokes Law unconstitutional because the law violates a defendant's right to a jury trial, due process, and separation of powers. Pursuant to this court's en banc decision in *Delvallie*, we sustain the state's assignment of error, reverse the trial court's judgment, and remand the matter for resentencing in accordance with the provisions of the Reagan Tokes Law.

{¶ 8} Judgment reversed, and the matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.