[Cite as *State v. Norris*, 2023-Ohio-4788.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,          :

                            Nos. 112472 and 112871

    v.                                :

KENNETH NORRIS, JR.,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 28, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-674411-A and CR-22-673597-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon K. McNally and Jillian Piteo, Assistant Prosecuting Attorneys, *for appellee.*

Robert A. Dixon, *for appellant.*

ANITA LASTER MAYS, A.J.:

## I.   Introduction

{¶ 1}   Defendant-appellant Kenneth Norris, Jr. ("Norris") appeals the imposition of consecutive sentences for his criminal convictions in this consolidated

appeal. We vacate the trial court's judgment and remand it for further proceedings pursuant to this opinion.

{¶ 2} On January 11, 2023, Norris pleaded guilty to the following offenses:

Cuyahoga C.P. No. CR-22-673597: gross sexual imposition, a third-degree felony, R.C. 2907.05(A)(4), as amended in the indictment.

Cuyahoga C.P. No. CR-22-674411: having weapons while under disability, a third-degree felony, R.C. 2923.13(A)(2), as charged in Count 1 of the indictment. Aggravated menacing, a first-degree misdemeanor, R.C. 2903.21(A), as charged in Count 2 of the indictment.

{¶ 3} Norris was sentenced to four years in CR-22-673597. In CR-22-674411, Norris was sentenced to 12 months on Count 1 and 180 days on Count 2, to run concurrently to each other. The sentences in CR-22-673597 and CR-22-674411 were to be served consecutively to each other.

{¶ 4} Norris contends that the trial court erred in imposing consecutive sentences without finding on the record that consecutive sentences were not disproportionate to the danger that the appellant posed to the public.

{¶ 5} "It is well-settled that a sentence that is contrary to law is plain error, and an appellate court may review it for plain error." *Efford*, 8th Dist. Cuyahoga Nos. 112077, 112078, 2023-Ohio-3360, ¶ 17, citing *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 9, citing *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6. Thus, the trial court's failure to make the required R.C. 2929.14(C)(4) consecutive-sentence findings is contrary to law, which constitutes plain error. *Id.*, citing *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 15.

{¶ 6} "R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court 'clearly and convincingly' finds that (1) 'the record does not support the sentencing court's findings under R.C. 2929.14(C)(4),' or (2) 'the sentence is otherwise contrary to law.'" *State v. Saxon*, 8th Dist. Cuyahoga No. 111493, 2023-Ohio-306, ¶ 18.

{¶ 7} To impose consecutive sentences, the trial court must make the specific findings set forth in the statute: "consecutive sentence is necessary to protect the public from future crime or to punish the offender"; "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). At a minimum, one of the following is required:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶ 8}** An appellant "can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4)." *State v. Williams*, 8th Dist. Cuyahoga No. 108904, 2020-Ohio-1622, ¶ 38, citing R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). "Second, the defendant can argue that the record does not support the court's findings made pursuant to R.C. 2929.14(C)(4)." *Id.*, citing R.C. 2953.08(G)(2)(a); *Nia* at *id.* Norris argues the former.

**{¶ 9}** "R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court 'clearly and convincingly' finds that (1) 'the record does not support the sentencing court's findings under R.C. 2929.14(C)(4),' or (2) 'the sentence is otherwise contrary to law.'" *Saxon*, 8th Dist. Cuyahoga No. 111493, 2023-Ohio-306, ¶ 18.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 10}** A trial court is not required to recite verbatim the statutory language, nor is it required to state its reasons to support its findings ""provided that the

necessary findings can be found in the record and are incorporated in the sentencing entry.""" *Saxon*, 8th Dist. Cuyahoga No. 111493, 2023-Ohio-306, ¶ 17, quoting *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 11} The trial court recited Norris's prior issues.

Thank you. In case number 654165, that's the probation case. You were on probation for attempted felonious assault, felony of the third degree. That was count 1. Domestic violence, a felony of the fourth degree, count 5. Endangering children a misdemeanor of the first degree, counts 8 and 9.

The Court placed you on probation and it appears you violated on more than one time. This would have been not the first time you violated, but the first to my knowledge because this happened in April, so I wasn't aware of that.

You had a positive drug screen on May 5, 2022. We held a hearing. You were on GPS monitoring. You went through the victim's zone on 6/13/2022. Apparently, the victim no longer lived at that residence. I released you.

As of 8/31 you were remanded, so you will receive credit for time served. You have been in jail since 8/31.

You're found to be in violation in case number 654165. Probation is terminated on that case.

I have had an opportunity to look at and review the pre-sentence investigation report for that case, which was less than a year old. It reveals you have quite a lengthy criminal history including an adjudication when you were delinquent in 2010 for a gross sexual imposition case, several domestic violence cases, some of which have been dismissed.

There's another sex offense back in 2015 though. You were found not guilty on that verdict of not guilty to an aggravated robbery in 2018 with firearm specifications.

Then you picked up the cases with me and then you picked up these two new cases. I do not find you're a good candidate for probation. You were on probation for all of the reasons that [defense counsel] was asking me to put you on probation for today. That did not -- that path did not seem to work very well. You did pick up two new cases.

Tr. 32-34.

{¶ 12} The trial court also announced:

In case number 673597, count 1, four years. For the reasons that I have stated, that you were on probation at the time the offenses were committed, your record, I do not feel a single sentence will protect the public, and am going to impose a consecutive sentence, and I take into consideration the probation case.

I'm not imposing a sentence on that, but I am imposing a consecutive sentence on -- I do find also your criminal history shows a consecutive term is necessary to protect the public.

Tr. 35.

{¶ 13} The record contains Norris's criminal history, probation violations, and the nature of the crimes. However, the trial court failed to make the requisite disproportionate findings under R.C. 2929.14(C)(4) according to *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. For that reason, this court vacates Norris's consecutive sentences and remands the matter for the trial court to address whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry pursuant to *Bonnell*.

{¶ 14} Norris has demonstrated plain error. The assignment of error is sustained.

## II. Conclusion

{¶ 15} The trial court's judgment is vacated and remanded for proceedings pursuant to this opinion.

The court finds there were reasonable grounds for this appeal.

It is ordered that appellant recover from appellee costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY
(WITH SEPARATE OPINION);
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY

KATHLEEN ANN KEOUGH, J., CONCURRING IN JUDGMENT ONLY:

{¶ 16} I concur with the decision to vacate Norris's consecutive sentences and remand the matter to the trial court. But I write separately to express my opinion that a defendant does not need to object to the trial court's imposition of consecutive sentences to preserve the issue on appeal.

{¶ 17} In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the lead opinion addressed and sustained Beasley's challenge to the imposition of consecutive sentences even though he did not object to the trial court imposing consecutive sentences. *Id.* at ¶ 252-262. The dissenting opinion explicitly pointed out that because the defendant did not object, he had waived all but plain error. *Id.* at ¶ 268-280 (DeWine, J., dissenting). Because the *Beasley* majority did not find that this impairment hindered the court's review, I believe that the court implicitly held that a defendant does not need to object to a trial court's imposition of consecutive sentences.

{¶ 18} Additionally, the Twelfth District in *State v. Morris*, 12th Dist. Butler No. CA2022-11-105, 2023-Ohio-3412, ¶ 26-28, recently addressed this issue when the state, relying on *State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 166, suggested that the court's standard of review is limited to plain error because the defendant did not object after consecutive sentences were imposed.

> The relevant paragraph in *Whitaker* cites another capital case, *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, [¶ 152], *Hunter*, in turn, cites a third capital case, *State v. Davis*, 116 Ohio St.3d

404, 2008-Ohio-2, 880 N.E.2d 31, [¶ 377]. In *Whitaker*, the appellant argued that a trial court erred by imposing consecutive sentences for noncapital counts in a capital case, and the supreme court determined that plain error review applied because the appellant failed to raise this argument at the sentencing hearing. *Whitaker* at ¶ 166. In *Hunter*, the supreme court applied plain error review to the appellant's argument that the imposition of consecutive sentences in a capital case was unconstitutional. *Hunter* at ¶ 151-155. In *Davis*, the supreme court did not even mention plain error in the portion cited in *Hunter*, but instead stated that when the appellant objected to consecutive sentences but failed to raise the specific constitutional arguments he raised on appeal, those constitutional arguments were forfeited. *Davis* at ¶ 377.

While all three of these cases discuss either plain error review or forfeiture in the context of a challenge to consecutive sentences, none of these cases involve the type of argument before us today — that is, none involve a challenge to R.C. 2929.14(C)(4) consecutive sentence findings under R.C. 2953.08(G)(2). It is not clear that the Ohio Supreme Court in *Whitaker*, *Hunter*, or *Davis* intended to suggest that an offender who fails to object to consecutive sentences after they are imposed is limited to plain error review when the offender brings an appeal challenging R.C. 2929.14(C)(4) consecutive sentence findings under R.C. 2953.08(G)(2).

*Id*. at ¶ 26-28.

{¶ 19} I agree with the *Morris* analysis, and based on *Beasley*, it is my opinion that a defendant does not need to object to preserve appellate review beyond that of plain error when challenging the consecutive-sentence findings under R.C. 2929.14(C)(4). Because the majority opinion finds otherwise, I respectfully concur in judgment only.