[Cite as *State v. Lewis*, 2024-Ohio-67.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

    v.                                    :

TIMOTHY M. LEWIS, SR.,                  :

    Defendant-Appellant.            :

No. 112574

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641305-A

---

### *Appearances:*

Flowers & Grube and Louis E. Grube, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christine M. Vacha, Assistant Prosecuting Attorney, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Timothy M. Lewis, Sr. ("Lewis") appeals the imposition of consecutive sentences arising from guilty pleas and convictions. We affirm the trial court's judgment.

## I. Background

{¶ 2} On June 27, 2019, Lewis was indicted for the following:

Count 1, rape, felony of the first degree, in violation of R.C. 2907.02(A)(1)(B), with a sexually violent predator specification attached.

Count 2, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4) with a sexually violent predator specification attached.

Count 3, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(B) with a sexually violent predator specification attached.

Count 4, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4) with a sexually violent predator specification attached.

{¶ 3} The charges arose from allegations of sexual conduct involving three minor relatives. On July 17, 2019, 26-year-old Lewis was granted a bond reduction and placed on a GPS monitor. On January 31, 2022, the parties set a jury trial date for May 9, 2022. In February 2022, Lewis was in court for GPS violations, several failures to report, passing through the exclusion zones where the alleged victims resided, making unauthorized stops on the way to work, and testing positive for marijuana and alcohol. His bond conditions were reinstated, and GPS reinstalled.

{¶ 4} The trial court was advised of Lewis's struggle to catch the bus to his temporary job in Solon and maintain cell phone service due to budget constraints. Lewis explained that he was working on the marijuana problem but used it to deal with emotional issues. The probation officer advised Lewis to speak with a counselor regarding his dependency. Lewis's stops at the store on the way to work were to use his cash card to obtain bus fare.

**{¶ 5}** Lewis also advised that the occasional vehicular passes through exclusion zones occurred unintentionally when he was able to get rides to work. Lewis also explained he had only been informed of one exclusion zone and that one of the zone violations listed were for an area where the alleged victim no longer resided. Lewis accepted the trial court's offer to test negative for marijuana during a 45-day day window rather than wait in jail.

**{¶ 6}** On March 21, 2022, Lewis appeared in court to address additional GPS violations. The 34 minutes spent at the basketball court located underneath his grandmother's residence with whom he resided was for a family balloon release for a brother who had committed suicide several years earlier. The two nine-minute periods at the basketball court on two evenings were to take the dog out. Two eight-minute stops on two days at 3:06 p.m. occurred when Lewis received a ride home by a coworker who stopped at their residence on the way. He also went to the basketball court two other occasions for about nine minutes at approximately 7:40 p.m. Lewis explained that the first basketball court visit was for a family balloon release on the third anniversary of Lewis's brother's suicide and the other two times to take the dog out. The two private residence stops at 3:06 p.m. occurred on days when the coworker who gave Lewis a ride from work stopped at their residence on the way. The trial court noted that Lewis had been on house arrest for two and one-half years and determined that Lewis's movement would no longer be restricted except for the exclusion zones.

**{¶ 7}** On May 9, 2022, the parties appeared for trial. Defense counsel explained that he was waiting for a medical certification crucial to Lewis's defense and requested a continuance. The state advised that one of the alleged victims and the victim's parent were not being cooperative so Counts 1 and 4 would probably be dismissed. Trial was rescheduled for August 1, 2022.

**{¶ 8}** On June 6, 2022, Lewis appeared in court to answer the state's claim that Lewis rode through part of an exclusion zone that the state said "was not an intentional stop." Since Lewis was informed of the exclusion area on May 20, 2022, he was arrested. The state could not tell the trial court where Lewis was at within the zone or his proximity to the excluded source, and he was at home by the time of his arrest. Lewis had not tested positive for marijuana since early 2022. The trial court decided to remove the GPS monitor that Lewis had been wearing for almost three years, though he remained under supervised release.

**{¶ 9}** On August 1, 2022, the defense requested another continuance as co-counsel was in trial. Trial was rescheduled for the tenth time to October 17, 2022. On October 17, 2022, Lewis failed to appear by 10:09 a.m. for the 10:00 a.m. trial and a capias was issued. On November 1, 2022, Lewis appeared and advised the trial court that when his shift in Solon ended at 6:45 a.m., his wallet was missing from his locker and his cell phone screen was broken. He walked home from Solon to Cleveland and emailed his attorney two days later. Counsel reminded the trial court that Lewis had always been communicative and attendant and appeared of his own volition. Lewis was taken into custody.

{¶ 10} On February 1, 2023, Lewis entered a guilty plea to Counts 2 and 3, as amended, for gross sexual imposition, a third-degree felony under R.C. 2907.05(A)(4). Counts 1 and 4 were nolled. Lewis was referred for a presentence investigation ("PSI").

{¶ 11} At the March 1, 2023 sentencing, Lewis cited mitigating factors for the trial court's consideration. Lewis was one and one-half years old in 1995 when he and his eight siblings were placed in separate foster homes due to their mother's struggles with drug issues. Lewis returned to his mother's home in 2002 and at the age of 13 helped to run the household to prevent him and his siblings from being removed again. He was diagnosed with post-traumatic stress disorder and anxiety and used marijuana and alcohol as coping mechanisms. Lewis had no criminal record. His brother, who was still in the foster care system at the time of trial, was also charged with committing similar offenses involving the victims. His case was pending before a different judge.

{¶ 12} One of Lewis's brothers committed suicide a few years prior to trial, an uncle died of a heart attack, and his mother and grandmother suffered strokes. Lewis paid rent to help his grandmother and worked consistently prior to entering a plea. Each incident occurred a single time. The affected family members desired to put the acts behind them that occurred several years before the 2019 indictments. Lewis decided to enter a plea because the matter had been going on for three years and he was tired of fighting it. The defense requested a community-control sanction with substance abuse treatment and counseling.

{¶ 13} On March 2, 2023, Lewis was sentenced to five years on Count 2 and three years on Count 3 to be served consecutively for a total term of eight years and declared to be a Tier II sex offender. Lewis appeals.

## II. Assignment of Error

{¶ 14} Lewis's single assignment of error is that the trial court committed plain error by imposing consecutive sentences because the record clearly and convincingly does not support any of the necessary factual findings.

## III. Discussion

{¶ 15} "It is well-settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error." *State v. Efford*, 8th Dist. Cuyahoga Nos. 112077, 112078, 2023-Ohio-3360, ¶ 17, citing *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 9, citing *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6. A trial court's failure to make the required R.C. 2929.14(C)(4) consecutive-sentence findings is contrary to law which constitutes plain error. *Id.*, citing *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 15.

{¶ 16} An appellate court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Consecutive sentences may be challenged by arguing (1) the sentence is contrary to law due to the trial court's failure to make the requisite R.C. 2929.14(C)(4) requirements pursuant to R.C. 2953.08(G)(2)(b); or (2) the record "'clearly and convincingly'" does not support the court's R.C. 2929.14(C)(4) findings

pursuant to R.C. 2953.08(G)(2)(a). *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442, 2023-Ohio-4068, ¶ 41, citing *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 13; *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.).

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 17} A trial court is not required to recite the statutory language verbatim, nor is it required to state its reasons to support its findings ""provided that the necessary findings can be found in the record and are incorporated in the sentencing entry."" *State v. Saxon*, 8th Dist. Cuyahoga No. 111493, 2023-Ohio-306, at ¶ 17, quoting *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 18} The trial court stated:

> The problem when we're dealing with victims who are children is that the impact on those victims is great. I mean, this is something that they're going to live with and something that's going to keep replaying itself in their head.

> So while I knew that I was going to send you to prison, the question is for how long. I understand that you don't have a prior record and I understand that you're all family, and I know this is tearing the family apart, because, on one hand, again, they want you to pay, and another hand, you're the brother, you're the father─not the father, the son, the grandson, et cetera.

But I just feel that this is serious, and I don't know—I don't think it deserves a slap on the wrist. I just don't. I think that this is something that—I understand your background as well when you're taken from your own parent at a young age and you're put into the system. I understand that there is a lot of trauma in your life as well. But now there is trauma for these two kids, especially the young girl as well as the guy. Even though he is older now and he was older at the time, it still is something that he won't forget.

Tr. 148-149.

{¶ 19} The trial court continued:

With that being said, as to amended Count 2, the Defendant is sentenced to 5 years in prison.

As to the amended Count 3, I am going to sentence you to 3 years in prison. That time will run consecutive for a total time of 8 years in prison.

*The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the dangers it would pose to the public.*

Furthermore, the Court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by the abuse on these children is great, and no single prison term for any of the offenses committed as part of the conduct adequately reflects the seriousness of the offender's conduct.

The Court has taken into consideration the fact that he has no prior record. That is why the sentence is as it is and not more.

(Emphasis added.) Tr. 149-150.

{¶ 20} Lewis expressed remorse to the trial court. The trial court heard at sentencing, and the record contains the same in the PSI, the details of the sexual misconduct and the impact that Lewis's behavior had on the victims. The fact that

familial relationships were involved has been painful and traumatic for the victims and the family members.

{¶ 21} After conducting a thorough review of the record, this court does not find that the record clearly and convincingly fails to support the trial court's findings. We therefore find that Lewis has not demonstrated plain error. The assignment of error is overruled.

## IV. Conclusion

{¶ 22} The trial court's judgment is affirmed.

The court finds there were reasonable grounds for this appeal.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION);
MARY J. BOYLE, J., CONCURS WITH THE SEPARATE CONCURRING IN JUDGMENT ONLY OPINION

KATHLEEN ANN KEOUGH, A.J., CONCURRING IN JUDGMENT ONLY:

**{¶ 23}** I concur with the decision affirming Lewis's sentence that included consecutive sentences. But I write separately to express my opinion that a defendant does not need to object to the trial court's imposition of consecutive sentences to preserve the issue on appeal.

**{¶ 24}** In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the lead opinion addressed and sustained Beasley's challenge to the imposition of consecutive sentences even though he did not object to the trial court imposing consecutive sentences. *Id.* at ¶ 252-262. The dissenting opinion explicitly pointed out that because the defendant did not object, he had waived all but plain error. *Id.* at ¶ 268-280 (DeWine, J., dissenting). Because the *Beasley* majority did not find that this impairment hindered the court's review, I believe that the court implicitly held that a defendant does not need to object to a trial court's imposition of consecutive sentences.

**{¶ 25}** Additionally, the Twelfth District in *State v. Morris*, 12th Dist. Butler No. CA2022-11-105, 2023-Ohio-3412, ¶ 26-28, recently addressed this issue when the state, relying on *State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 166, suggested that the court's standard of review is limited to plain error because the defendant did not object after consecutive sentences were imposed.

> The relevant paragraph in *Whitaker* cites another capital case, *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, [¶ 152], *Hunter*, in turn, cites a third capital case, *State v. Davis*, 116 Ohio St.3d

404, 2008-Ohio-2, 880 N.E.2d 31, [¶ 377]. In *Whitaker*, the appellant argued that a trial court erred by imposing consecutive sentences for noncapital counts in a capital case, and the supreme court determined that plain error review applied because the appellant failed to raise this argument at the sentencing hearing. *Whitaker* at ¶ 166. In *Hunter*, the supreme court applied plain error review to the appellant's argument that the imposition of consecutive sentences in a capital case was unconstitutional. *Hunter* at ¶ 151-155. In *Davis*, the supreme court did not even mention plain error in the portion cited in *Hunter*, but instead stated that when the appellant objected to consecutive sentences but failed to raise the specific constitutional arguments he raised on appeal, those constitutional arguments were forfeited. *Davis* at ¶ 377.

While all three of these cases discuss either plain error review or forfeiture in the context of a challenge to consecutive sentences, none of these cases involve the type of argument before us today — that is, none involve a challenge to R.C. 2929.14(C)(4) consecutive sentence findings under R.C. 2953.08(G)(2). It is not clear that the Ohio Supreme Court in *Whitaker*, *Hunter*, or *Davis* intended to suggest that an offender who fails to object to consecutive sentences after they are imposed is limited to plain error review when the offender brings an appeal challenging R.C. 2929.14(C)(4) consecutive sentence findings under R.C. 2953.08(G)(2).

*Id*. at ¶ 26-28.

{¶ 26} I agree with the *Morris* analysis, and based on *Beasley*, it is my opinion that a defendant does not need to object to preserve appellate review beyond that of plain error when challenging the consecutive-sentence findings under R.C. 2929.14(C)(4). Because the majority opinion implies otherwise, I respectfully concur in judgment only.