[Cite as *State v. Halbert*, 2024-Ohio-2534.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-003 |
| | : | O P I N I O N |
| - vs - | | 7/1/2024 |
| | : | |
| EDWARD HALBERT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37130

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Edward Halbert, appeals the decision of the Warren County Court of Common Pleas ordering the 15-year-to-life prison sentence he received for murdering his cellmate at the Warren County Correctional Institution to be served consecutively to the prison sentence he was currently serving at the time of the murder.

For the reasons outlined below, we affirm the trial court's decision.

**{¶ 2}** On March 1, 2023, following a three-day jury trial, Halbert was found guilty of murdering his cellmate, Delvin Bunton, while both men were inmates incarcerated at the Warren County Correctional Institution.[1] Upon the return of the jury's verdict, the trial court issued a decision sentencing Halbert to serve a term of 15 years to life in prison for Bunton's murder. The trial court ordered that 15-year-to-life prison sentence be served consecutively to the prison sentence that Halbert was currently serving at the time of Bunton's murder. Halbert appealed the jury's verdict and the trial court's sentence. This court affirmed the jury's verdict finding Halbert guilty of murdering Bunton, but reversed the trial court's decision to impose consecutive sentences. *State v. Halbert*, 2023-Ohio-4471 (12th Dist.) ("*Halbert I*").

**{¶ 3}** In so doing, this court noted that the record did not "reflect that the court addressed the required proportionality finding or engaged in the proportionality analysis and found that the seriousness of Halbert's conduct and the danger he posed to the public justified a consecutive sentence." *Id.* at ¶ 35. This court therefore vacated that portion of the trial court's judgment imposing consecutive sentences and remanded the matter to the trial court for resentencing. On remand, we instructed the trial court that it:

> shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry.

*Id.* at ¶ 38.

**{¶ 4}** On January 22, 2024, the trial court held the necessary resentencing

---

1. The record indicates that prior to murdering Bunton, Halbert had been in prison for over 40 years, first beginning in the early 1980's, on charges of robbery, aggravated robbery, attempted rape, rape, and assault.

hearing as instructed by this court in *Halbert I*. This ultimately resulted in the trial court sentencing Halbert to the same 15-year-to-life prison sentence that the court had originally imposed. This time, however, the trial court made the necessary consecutive sentence findings as required by R.C. 2929.14(C)(4). In so doing, the trial court stated:

> Okay. Defendant's history demonstrates consecutive sentences are necessary to * * * protect the public from future crime by the defendant. That the sentences are consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger of the offender—that the offender poses to the public. I've considered that. And, again, the finding that his history demonstrates consecutive sentences are necessary.

Upon the conclusion of the trial court's resentencing hearing, the trial court filed its judgment entry of sentence. Incorporated into that entry were the trial court's consecutive sentence findings set forth above.

{¶ 5} On January 23, 2024, Halbert filed a notice of appeal. Following briefing from both parties, the case was submitted to this court for consideration on May 22, 2024. Halbert's appeal now properly before this court for decision, Halbert raises one assignment of error for review. In that single assignment of error, Halbert argues the trial court erred by imposing consecutive sentences upon remand in this case from *Halbert I*. We disagree.

{¶ 6} "A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2)." *State v. Downing*, 2024-Ohio-381, ¶ 12 (12th Dist.). Pursuant to that statute:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds

- 3 -

either of the following:

That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

That the sentence is otherwise contrary to law.

Therefore, given the plain language set forth in R.C. 2953.08(G)(2)(a) and (b), this court may modify or vacate a felony sentence only if, by clear and convincing evidence, the record does not support the trial court's findings under relevant statutes, or the sentence is otherwise contrary to law. *State v. Harp*, 2016-Ohio-4921, ¶ 7 (12th Dist.).

{¶ 7} "The consecutive sentence statute, R.C. 2929.14(C)(4), is one of the relevant statutes specifically mentioned in R.C. 2953.08(G)(2)." *State v. Richey*, 2023-Ohio-336, ¶ 12 (12th Dist.). "Thus, there are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Shiveley*, 2022-Ohio-4036, ¶ 7 (12th Dist.). The defendant can argue that, pursuant to R.C. 2953.08(G)(2)(a), the record does not support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4). *State v. Morris*, 2023-Ohio-3412, ¶ 22 (12th Dist.). The defendant can also argue that, pursuant to R.C. 2953.08(G)(2)(b), the imposition of consecutive sentences is contrary to law because the trial court failed to make the necessary consecutive sentence findings as required by R.C. 2929.14(C)(4). *State v. Iverson*, 2023-Ohio-1601, ¶ 19 (12th Dist.). "These are the only two means that the legislature provided to defendants to challenge their consecutive sentences on appeal." *State v. Perry*, 2023-Ohio-3106, ¶ 25 (12th Dist.).

{¶ 8} To support his claim that it was error for the trial court to impose consecutive sentences upon remand in this case from *Halbert I*, Halbert initially argues that he "suffers from severe mental health issues which cloud his judgment." Halbert also argues that

the evidence in this case reveals that the victim, Bunton, was not simply an "innocent bystander who was attacked unprovoked." Halbert argues that the evidence instead demonstrates that Bunton "participated in, as well as proposed," the "scheme" that ultimately resulted in his death. That being, a plan for Halbert to assist Bunton in making a fake suicide attempt so that Bunton could obtain a transfer to a different correctional facility within Ohio.

{¶ 9} However, even if we were to ignore the fact that this court has already rejected Halbert's claim that "the evidence shows that [he] merely intended to 'help' Bunton by 'fak[ing]' a suicide attempt, not to harm' him" when affirming the jury's verdict finding Halbert guilty of murder in *Halbert I*, 2023-Ohio-4471 at ¶ 21-27 (12th Dist.), neither of Halbert's arguments raised herein present any challenge to whether, in accordance with R.C. 2953.08(G)(2)(b), the trial court made the necessary consecutive sentence findings required by R.C. 2929.14(C)(4). Halbert's arguments also do not contest whether, under R.C. 2953.08(G)(2)(b), the record supports the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4). Therefore, because these were the only two means the legislature provided to defendants like Halbert to challenge a trial court's imposition of consecutive sentences on appeal, neither of which Halbert raised in this case, Halbert's claim that it was error for the trial court to impose consecutive sentences upon remand from this court in *Halbert I* lacks merit. Accordingly, finding no merit to Halbert's claim raised herein, Halbert's single assignment of error lacks merit and is overruled.

{¶ 10} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.